**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4452**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RE'SHAUN LAMONTE WILBORNE,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:21-cr-00162-1)

_____

Argued:  September 20, 2023                    Decided:  November 7, 2023

_____

Before AGEE, RUSHING and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:**  Rachel Elizabeth Zimarowski, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Monica D. Coleman, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.  **ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Negar M. Kordestani, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Re'Shaun Wilborne appeals from the district court's order denying his motion to suppress evidence of a firearm discovered in his backpack after his arrest. The district court denied the motion because it found that the firearm would have been inevitably discovered pursuant to a lawful inventory search. For the reasons discussed below, we affirm.

I.

Wilborne was arrested outside of a Family Dollar store based on an active state arrest warrant. After he was handcuffed, the police recovered his belongings from inside the Family Dollar, including a backpack and two bags of clothes. The police searched the backpack and found a loaded firearm. Wilborne, the backpack, and the clothing bags were subsequently transported to the Charleston Police Department ("CPD") station.

At the time of Wilborne's arrest, CPD had a policy requiring all property seized with an arrestee to be inventoried at the police station. Pursuant to this policy, the police were required to fill out a property report listing the seized items and indicating whether they constituted evidence that had to remain at the station or personal property that could go with the arrestee to jail. And under the jail's policy, all personal property taken to the jail was required to be searched for safety purposes before entering the jail.

Based on CPD's policy, when Wilborne's property arrived at the station, CPD Detective Jordan Hilbert searched the clothing bags and filled out two property reports. In one report, he identified the two bags of clothes and indicated that Wilborne's mother could retrieve them.  In the other report, he described Wilborne's backpack and noted that it

3

contained a firearm and would be put into safekeeping pending trial. Wilborne was then interviewed and transported to the regional jail.

Based on his possession of a firearm at the time of his arrest, Wilborne was indicted in the United States District Court for the Southern District of West Virginia on one count of being a felon in possession of a firearm. He filed a motion to suppress the evidence derived from the search of his backpack. The district court denied the motion following an evidentiary hearing, reasoning that the firearm would have been inevitably discovered by a lawful inventory search at the police station prior to Wilborne's transport to jail.

Following this decision, Wilborne pleaded guilty but preserved his right to appeal the district court's denial of his suppression motion. The court sentenced Wilborne to thirty-seven months' imprisonment, and he filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

II.

Wilborne argues that the district court erred in denying his motion to suppress because CPD's policy lacked standardized criteria to guide inventory searches and thus was legally insufficient. Reviewing the district court's factual findings for clear error and legal conclusions de novo, *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017), we disagree.

Under the inevitable-discovery doctrine, evidence obtained through an unreasonable search is admissible if the Government shows by a preponderance of the evidence that police would have "ultimately or inevitably" discovered the evidence by

4

"lawful means," such as through a lawful inventory search. *Id.* (citation omitted). In order for an inventory search to be permissible, "the search must have been conducted according to standardized criteria, such as a uniform police department policy, and performed in good faith." *United States v. Seay*, 944 F.3d 220, 223 (4th Cir. 2019) (cleaned up). Such a policy need not be in writing, *id.*; *Bullette*, 854 F.3d at 266, nor must the government "elicit step-by-step testimony concerning such a policy to meet its burden," *Bullette*, 854 F.3d at 267. Instead, there must simply be sufficient evidence to show that law enforcement had a standard inventory procedure "and would have inevitably discovered the challenged evidence by conducting an inventory search according to routine and standard . . . procedures." *Id.* at 266.

In this case, the evidence presented to the district court clearly supported its finding that the police would have inevitably discovered the firearm during a standardized inventory search of the backpack. Detective Hilbert testified, without contradiction elsewhere in the record, that whenever CPD officers arrest a suspect and there is no one at the scene of the arrest to take the arrestee's personal property—as was the case here—the police transport that property to the station. At the station, officers then inventory the property to determine whether it is personal property that could go with the arrestee to the jail or evidence that must stay at the police station.

Based on this uniform policy, even if the CPD had not searched Wilborne's backpack at the scene of his arrest, they still would have transported Wilborne and his personal effects to the police station; searched the bags while filling out the property reports and characterizing the items as personal property or evidence; and inevitably discovered

5

the firearm in the backpack. Therefore, the district court did not clearly err in concluding that Wilborne's firearm would have been inevitably discovered pursuant to a lawful inventory search.

## III.

For the foregoing reasons, we affirm the district court's denial of Wilborne's motion to suppress.

*AFFIRMED*